UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AFIF MAHMOUD,

                Petitioner,

    v.

STATE OF WASHINGTON,

                Respondent.

Case No. 3:23-cv-05494-DGE-TLF

ORDER GRANTING PETITIONER'S MOTION TO STAY AND ABEY

This matter is before the Court on petitioner's Motion to Stay and Abey Federal Habeas Proceedings and Strike Briefing Schedule. Dkt. 13. Respondent has filed a response in opposition to petitioner's motion. Dkt. 14.

BACKGROUND

Petitioner filed a habeas petition in this matter raising two claims for relief (1) Mahmoud has a constitution right to a direct appeal, and (2) ineffective assistance of counsel. Dkt. 4. On August 8, 2023, Respondent filed an answer claiming that petitioner has not properly exhausted his claims because (1) he did not adequately alert the Washington State Court of Appeals or the Washington State Supreme Court as to the federal nature of his claims, and (2) his ineffective assistance of counsel claim alleges a different basis of ineffective counsel from the claim raised in the Washington State courts. Dkt. 9 at 7-9. On August 15, 2023, the Court granted petitioner's motion for an appointment of counsel. Dkt. 11. On September 28, 2023, petitioner filed a motion to

ORDER GRANTING PETITIONER'S MOTION TO STAY
AND ABEY - 1

stay and abey this matter asserting that he has a personal restraint petition ("PRP") pending in the Washington state courts and his ineffective assistance of counsel claim will not be exhausted until the PRP proceeding is final. Dkt. 13 at 1-2. Respondent opposes petitioner's motion, contending that petitioner cannot exhaust his claims even with a stay and his claims are frivolous. Dkt. 14 at 1. Petitioner filed a reply stating that he has satisfied the criteria of *Rhines v. Weber*, 544 U.S. 269 (2005) and therefore the Court should stay and abey his habeas proceeding pending finality of his state court PRP. Dkt. 13 at 6.

## DISCUSSION

District courts may use a "stay-and-abeyance" procedure while a petitioner exhausts his claims in state court. *Rhines v. Weber*, 544 U.S. 269, 275-77 (2005); *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 988 (9th Cir.1998). A stay is appropriately granted where: (1) the petitioner has good cause for his failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 278.

Petitioner argues that he satisfies the criteria under *Rhines* and therefore the stay should be granted. Dkt. 13. Respondent argues that the stay should be denied because a stay would not allow petitioner to properly exhaust his federal claims, and his federal claims are frivolous. Dkt. 14 at 2. Petitioner argues that he has good cause for his failure to exhaust because prior to the recent appointment of counsel he was proceeding *pro se*; he additionally argues that there is no indication that the failure to exhaust derives from intentionally dilatory tactics and on the contrary he has been

ORDER GRANTING PETITIONER'S MOTION TO STAY
AND ABEY - 2

diligently pursuing his claims. Dkt. 13 at 3-6. The parties appear to disagree only on the second *Rhines* factor: whether the unexhausted claims are potentially meritorious.

  Petitioner argues that his claims are potentially meritorious because he supports his ineffective assistance of counsel claim with evidence that counsel failed to advise him to file a notice of appeal and recognize exonerating evidence and his right-to-appeal claim has merit because there is a federal law basis to be raised in habeas here. *Id*. at 6. Respondent argues that petitioner's claims are plainly meritless because (1) petitioner fails to point to any Supreme Court authority for his right to appeal claim and he was informed at sentencing of his right to appeal within 30 days of entry of judgment, and (2) petitioner fails to present evidence that satisfies the requirements for an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984). Dkt. 14 at 4-7. Respondent also argues that a stay would be futile because even if plaintiff amends his petition to present federal claims to the Washington State Supreme Court where his PRP is currently pending, he will not be able to exhaust those claims because he did not present them to the Washington state court of appeals. *Id*. at 2-4

  The Ninth Circuit has held that principles of comity and federalism require federal courts to "refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) (*quoting Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). "'A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted.'" *Id*. (*quoting Cassett*, 406 F.3d at 624)

ORDER GRANTING PETITIONER'S MOTION TO STAY
AND ABEY - 3

Petitioner's claims are not on their face plainly meritless. In his "affidavit in support of motion for extension of time" filed in division two of the Washington state court of appeals, petitioner declared that his trial attorney advised him to appeal his plea after sentencing but after his arrival to prison he learned that he had to file a notice of appeal within 30 days of the trial court entering his judgment and sentence and this time had elapsed. Dkt. 10 at 27. Defendant was granted an extension to file a late notice of appeal but upon a motion to modify by the State of Washington the appeal was dismissed. Dkt. 10 at 201. The Supreme Court has recognized that where counsel has consulted with defendant regarding the right to appeal, counsel's failure to file a notice of appeal is deficient only where counsel fails to follow their client's specific instructions regarding an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000).

Petitioner does not allege whether he instructed his counsel to file an appeal and therefore it is unclear whether the failure to file a notice of appeal constituted ineffective assistance of counsel in accordance with *Strickland v. Washington*, 466 U.S. 668, 686 (1984). However, the only determination for the Court to address is whether petitioner has raised a potentially meritorious claim, not whether the claim actually has merit. *See Dixon,* 847 F.3d at 722. Therefore, at this stage in the proceedings it is appropriate to grant petitioner's motion to stay to allow him to exhaust his claims in the Washington State Supreme Court.

CONCLUSION

After reviewing the relevant record, the Court concludes petitioner's motion should be granted. The Court ORDERS as follows:

1. Petitioner's motion to stay (Dkt. 14) is GRANTED. This case is stayed.
2. The briefing schedule (Dkt. 11) is stricken.

ORDER GRANTING PETITIONER'S MOTION TO STAY
AND ABEY - 4

3. Petitioner is directed to file a report every ninety (90) days informing the Court of the status of petitioner's state proceedings. The first status report is due on or before **February 14, 2024** and shall include the state court cause number.

4. The clerk is directed to re-note respondent's response (Dkt. 9) for February 14, 2024.

5. If the state court dismisses or resolves petitioner's state court proceedings, petitioner is directed to inform the Court and file a motion to lift the stay within 30 days of the state court taking action.

Dated this 14th day of November, 2023.

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PETITIONER'S MOTION TO STAY AND ABEY - 5