UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AFIF MAHMOUD,<br><br>                Petitioner,<br>    v.<br><br>STATE OF WASHINGTON,<br><br>                Respondent. | Case No. 3:23-cv-05494-DGE-TLF<br><br>ORDER DENYING MOTION TO WITHDRAW AS COUNSEL |

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner's counsel filed a motion to withdraw and to lift the stay of proceedings for that limited purpose. Dkt. 33. Having considered the motion, the motion to lift the stay and motion to withdraw (Dkt. 33) are denied.

## BACKGROUND

Petitioner commenced this action pro se on May 31, 2023. Dkt. 1. By order dated August 15, 2023, the Court granted petitioner's request for counsel and appointed the Federal Public Defender. Dkt. 11. The appointment was referred to the Criminal Justice Act ("CJA") panel. On September 7, 2023, Marla L. Zink, of Luminata PLLC, was appointed as counsel from the panel to represent petitioner. Dkts. 11, 12.

By order dated November 14, 2023, the Court granted petitioner's motion to stay proceedings in this action pending the completion of petitioner's related proceedings in

ORDER DENYING MOTION TO WITHDRAW AS
COUNSEL - 1

state court, Dkt. 17, and directed counsel for petitioner to file a report every ninety days informing the Court of the status of petitioner's state court proceedings. *Id.*

Petitioner's counsel has filed status reports reflecting that petitioner's state court personal restraint petition (PRP) proceedings are ongoing and noting that she has appeared as counsel for petitioner and continues to represent petitioner in those proceedings. *See* Dkts. 19, 22, 25, 27, 29, 31, 35. Petitioner's counsel now moves to withdraw as counsel and to lift the stay in this matter for that purpose. Dkt. 33.

DISCUSSION

Under Western District of Washington Local Civil Rule (LCR) 83.2, an attorney ordinarily will not be allowed to withdraw their appearance without leave of Court. When deciding such a motion, this Court will consider: "'(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.'" *Launch Pad Techs., Inc. v. ADT Com. LLC*, No. C21-5382-LK, 2022 WL 1719161, at *1 (W.D. Wash. May 27, 2022) (quoting *Russell v. Samec*, No. C20-0263-RSM-JRC, 2021 WL 3130053, at *1 (W.D. Wash. July 23, 2021)). "The decision to grant or deny counsel's motion to withdraw is ultimately committed to the discretion of the trial court." *Fujifilm Sonosite, Inc. v. Imaging Specialists Grp., LLC*, 2014 WL 1400992, at *1 (W.D. Wash. Apr. 10, 2014).

Here, petitioner's counsel argues financial issues; the judiciary is currently unable to make payments to CJA panel attorneys due to a funding shortfall. Dkt. 33 at 4-5. Ms. Zink notes that a 2025 continuing resolution created a funding shortfall and payments to CJA panel attorneys ceased on July 3, 2025. *Id.* (citing Dkt. 34, Ex. C (letter from the

Federal Public Defender for the Western District of Washington, Colin Fieman, to congressional leaders dated July 9, 2025 ("Fieman letter")).

Counsel asserts that CJA panel attorneys will remain unpaid for months unless Congress approves a supplemental appropriation for the Defender Services program. *Id.* (citing Dkt. 34, Ex. C, Fieman letter). Counsel further asserts that a "time certain for resumption of payments cannot be provided, particularly because the executive and legislative branches have taken unprecedented measures to cut certain funding obligations and circumvent budget process." *Id.* (citing Dkt. 34 at ¶¶ 8-11 (Decl. of Marla Zink) and Tony Romm, White House Eyes Rarely Used Power to Override Congress on Spending, The New York Times, www.nytimes.com/2025/06/17/us/politics/trump-vought-congress-spending-rescission.html (Jun. 17, 2025)).

Ms. Zink also argues that even if funding resumes, "another shortfall may be just around the corner" because the shortfall may be compounded by another continuing resolution or a 2026 budget shortfall. *Id.* (citing Dkt. 34, Ex. C, Fieman letter). Counsel argues that withholding pay from CJA panel attorneys does not satisfy constitutional or statutory mandates and that a reduction in pay works particular hardship on small firms, of which she is a member. *Id* at 6-7; Dkt. 34 at ¶ 2 (Zinc Decl.).

Counsel further asserts that "[a]dditionally, financial hardship for attorneys, caused by the fact that the attorney accepted the case on the condition she would be paid, creates an implicit conflict between the lawyer and her client. Each time the representation calls for the lawyer to work on such case, the lack of funding requires the lawyer to choose between personal and/or professional financial viability and her client's interests." Dkt. 33 at 8; Dkt. 34 at ¶¶ 2, 3, & 5 (Zink Decl.). Counsel also notes that

ORDER DENYING MOTION TO WITHDRAW AS COUNSEL - 3

1    Washington Rule of Professional Conduct 1.16(b) provides that, subject to approval by

2    the tribunal if required, a lawyer may withdraw when "'the representation will result in an

3    unreasonable financial burden on the lawyer.'" Dkt. 34 at 8 (quoting Wash. RPC

4    1.16(b)(6); ABA Model Rule of Prof'l Conduct 1.16(6)(b).

5        Counsel asserts that:

> Substantial upcoming work is anticipated in this case. This case involves parallel state and federal court postconviction proceedings. I have relied on service providers and experts to develop the record in state court. I anticipate those needs to continue. The state court proceeding is in the Washington Supreme Court on a motion for discretionary review. The state's response brief is due August 1. I anticipate filing a reply to the motion. The court may remand it to the Court of Appeals or decide the motion itself. In either event, further briefing may be necessary, the losing party could challenge the ruling, and an evidentiary hearing may be ordered. If the requested relief is not obtained in state court, I expect to continue to litigate the federal petition in this Court.

Dkt. 33 at ¶ 6 (Zink Decl.). Counsel indicates that it is reasonable to anticipate over 50 hours of additional attorney work over the next year or more. *Id.* at ¶ 7. She notes that although she was initially assured by CJA administration that the deferral of payment would be caught up starting on October 1, 2025, she was subsequently informed that "payments will be deferred until additional funding becomes available." *Id.* at ¶¶ 8, 9.

The Court shares counsel's concerns and in some circumstances, lack of payment may be a sufficient ground for withdrawal of counsel. The Court also agrees that the federal government's budget process and the timeline for payments for her services, are on hold and the future of the budget process is still uncertain.

Yet counsel has represented petitioner for over two years, is familiar with the issues in petitioner's case and, as she indicates in her declaration, she has performed substantial work in litigating the case. If the Court stayed the case and allowed Ms. Zink to withdraw at this point in the proceedings it is not clear whether the Court could locate

ORDER DENYING MOTION TO WITHDRAW AS
COUNSEL - 4

another attorney to represent petitioner; even if the Court could locate another attorney to represent petitioner, the new attorney would need to effectively start from the beginning, reinvesting and duplicating effort, spending significant time and expense to become familiar with and to take over litigation of the case.

The Court therefore concludes that allowing counsel to withdraw would create an injustice and cause undue delay in the proceedings. *Gong v. City of Alameda*, No. C 03-05495-TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) ("an attorney's request to withdraw should be denied 'where such withdrawal would work an injustice or cause undue delay in the proceeding.'" (quoting *Facebook, Inc. v. Gajjar*, No. 4:20-CV-02429-KAW, 2022 WL 19692040, at *2 (N.D. Cal. Mar. 4, 2022)).

Accordingly, petitioner's counsel's motion to withdraw (Dkt. 33) is DENIED.

Dated this 21st day of October, 2025.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION TO WITHDRAW AS COUNSEL - 5